UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **In re CIM-SQ Transfer Cases** | Case No. 22-mc-80066-WHO |
| **Re Case Nos**.: 21-cv-01633-HSG, *Lee v. Allison et al*.; 21-cv-01693-JSW, *Johnson v. Davis et al*.; 21-cv-06503-WHO, *Cole v. Allison et al*.; 22-cv-00266-EJD, *Schrubb v. State of California, et al*.; 22-cv-00684-BLF, *O'Bannon v. State of California et al*.; 22-cv-00905-JSC, *Rhodes v. State of California et al*.; 22-cv-02322-JSW, *Dixon v. Diaz et al*. | **SECOND ORDER ADOPTING JULY 15, 2022 AND JULY 21, 2022 ORDERS FOR *PRO SE* CASES** |

In September 2022, I issued an Order to Show Cause ("OSC") in the *pro se* cases identified in the caption. Dkt. No. 98. That OSC directed:

- Defendants to show cause why my conclusions on Assigned Issues 2 and 3 in my July 15, 2022 Order (explaining that plaintiffs had adequately pleaded facts showing that neither PREP Act immunity nor qualified immunity precluded their claims at the motion to dismiss stage) should not apply to these pro se cases and allowing defendants the opportunity to rest on and preserve their arguments made in related cases;

- Plaintiffs to show cause why the federal receiver, J. Clark Kelso, who was named as a defendant in many of the pro se cases, did not have quasi-judicial immunity and must not be dismissed from these suits; and

- Defendants to show cause why, for the Assigned Issue 4, the screened *pro se* cases did not adequately allege their Section 1983 Eighth Amendment Claim, and requiring defendants to respond by (1) relying on and incorporating by reference their prior arguments, (2) raising wholly new arguments on Assigned Issue 4 based on unique factual allegations made by a plaintiff in one of the cases identified above, or (3) identifying a complaint,

among the listed cases to which this Order is applicable, that defendants believe fails to state a claim according to my prior analysis.

The deadlines for defendants and *pro se* plaintiffs to respond to that Order to Show Cause have passed.

The defendants have expressly relied on and incorporated their prior arguments and make no new arguments with respect to Assigned Issues 2 or 3 for any of the *pro se* cases identified above. Dkt. No. 101. As a result, I deem defendants' arguments regarding Qualified and PREP Act Immunity made in the dismissal motions covered by my July 15 Order as if they were raised and made by motions to dismiss in the represented cases identified above. I adopt my rationale and conclusions from the July 15 Order on Assigned Issued 2 and 3, and deny the deemed motions to dismiss based on Qualified and PREP Act immunity for the represented cases identified above. I also adopt my rationale and conclusions on Assigned Issue 4 from my July 21, 2022 OSC with respect to deemed motions for failure to plead facts supporting plaintiffs' Eighth Amendment Claim.

One additional issue was raised in the defendants' response; defendants challenge whether the plaintiff in *Cole v. Allison*, Case No. 21-cv-06503-WHO, has adequately alleged his Eighth Amendment claim. His complaint does not include any allegations that he contracted COVID-19, experienced any COVID-19 symptoms, or was otherwise impacted by the inmate transfer. *See* Dkt. No. 101 at 3-4. Cole responded that although he refused to be tested for COVID-19 (not wanting to have to be segregated and leave his cell), he did experience COVID-19 symptoms and will prove their lasting impacts, including difficulty breathing and panic attacks. Dkt. No. 110. Looking at his complaint with extreme liberality, and in light of the representations made in his response to defendants, I will not dismiss Cole's complaint at this juncture for failure to allege his Eighth Amendment Claim.

One *pro se* plaintiff, Paul David Johnson, filed two motions for summary judgment that appear to object to my prior rulings that Federal Receiver Kelso should be granted immunity, and argue in support of my prior conclusions that the remaining defendants should not be protected at this juncture by qualified or Prep Act community. *See* Dkt. No. 104; *see also* Case No. 21-01693-

JSW *Johnson v. Davis, et al.*, Dkt. Nos. 32, 36.  I construe these motions for summary judgment as responses to the Order to Show Cause.  I have considered the arguments raised by Mr. Johnson and stand by my prior determination.  J. Clark Kelso is immune from the claims in these cases and shall be DISMISSED from Case Nos. 21-cv-01633-HSG *Lee v. Allison et al.*; 21-cv-01693-JSW, *Johnson v. Davis, et al.*; and 21-cv-06503-WHO *Cole v. Allison et al.*[1]

The cases identified in the caption may now proceed before the underlying assigned judges.  However, if defendants file notices of appeal in the represented cases identified above, I will *sua sponte* stay these cases pending appeal, consistent with the order granting the unopposed motion to stay.  Dkt. No. 89.

**IT IS SO ORDERED.**

Dated: November 16, 2022

William H. Orrick
United States District Judge

---

[1] Kelso was not named as a defendant in Case Nos. 22-cv-00266-EJD *Schrubb v. State of California, et al.* & 22-cv-00684-BLF *O'Bannon v. State of California et al.*; 3:22-cv-00905-JSC *Rhodes v. State of California et al.*; and 22-cv-02322-JSW *Dixon v. Diaz et al.*